# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 02-21092
Summary Calendar

CHRIS GARNER,

                                                            Plaintiff-Appellant,

versus

JANE DOE,

                                                            Defendant-
                                    Appellee.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2968
-----------------------------------------------------------------
February 17, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Chris Garner, Texas prisoner # 716389, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Garner argues that the district court erred in determining that his claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's dismissal <u>de novo</u>. <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999). The district court's dismissal may be upheld only if, taking Garner's allegations as true, it appears that no relief could be granted based on his alleged facts. <u>Id</u>.

The district court based its determination that Garner's claim was <u>Heck</u>-barred on Garner's allegation that his plea agreement was breached as a result of the defendant's conduct. If true, the breach of a plea agreement would call into question the validity of Garner's conviction; therefore, the district court did not err in determining that the claim was <u>Heck</u>-barred based on the allegation made in Garner's complaint.

Garner's appeal is without arguable merit and is dismissed as frivolous. <u>See</u> 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Garner is informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996) (holding dismissals as frivolous in the district courts and the court of appeals count as strikes for 28 U.S.C. § 1915(g) purposes). We caution Garner that once he accumulates three strikes, he may not bring in forma pauperis a civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g). Garner should review any pending appeals and withdraw any that are frivolous.

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.